Filed 10/17/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C082556 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F2470) |
| v. | |
| LEONARD DENNIS WARMINGTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Shasta County, Cara L. Beatty, Judge. Reversed with directions.

Byron C. Lichstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Michael P. Farrell, Senior Assistant Attorney General, Max Feinstat, Carlos A. Martinez, and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Leonard Dennis Warmington appeals from the trial court's order denying his Penal Code section 1170.18[1] petition for redesignation of his felony conviction for embezzlement (§ 503) to a misdemeanor. He contends the trial court erred in finding his crime was not subject to section 1170.18 relief. We agree and shall reverse the trial court's order and remand with instructions to enter an order granting the requested relief.

BACKGROUND

In December 2002, defendant, a courtesy clerk at a Redding Walmart, was discovered to have stolen a television from the store, returned it for a $746.46 Walmart gift card, and used the card to purchase various items. Confronted by a police officer, defendant admitted stealing other items from the Walmart, including a recliner chair. Defendant was ordered to return the items he stole. The value of the items stolen by defendant and subsequently returned was $851.

Defendant pleaded no contest to embezzlement in October 2003 and was placed on three years' formal probation in November 2003.

In February 2016, defendant filed a section 1170.18 petition to redesignate his offense as a misdemeanor. The trial court denied the petition without prejudice to filing a new petition, on the ground that defendant's crime was not eligible for relief.

DISCUSSION

Defendant contends the trial court erred in finding the crime of embezzlement was not eligible for section 1170.18 relief. We agree.

The passage of Proposition 47 created section 1170.18, which provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea,

_____

[1] Undesignated statutory references are to the Penal Code.

2

of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, p. 74.)

Proposition 47 enacted section 490.2, which states in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 490.2, subd. (a).)

Section 503 defines embezzlement as "the fraudulent appropriation of property by a person to whom it has been intrusted." Section 490a states, "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

After briefing was concluded, the California Supreme Court decided two cases addressing sections 490.2 and 490a and their relationship to section 1170.18. (See *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*); *People v. Gonzales* (2017) 2 Cal.5th 858 (*Gonzales*).) We asked for supplemental briefing on these cases. The Attorney General concedes that the Supreme Court's decisions "undermine most if not all of the arguments advanced in the Respondent's Brief."

*Romanowski* held that theft of access card account information (§ 484e, subd. (d)) was eligible for relief under section 1170.18. (*Romanowski, supra*, 2 Cal.5th at pp. 905-

3

906.)  In arguing that section 490.2 did not cover this crime, the Attorney General argued that section 484e, subdivision (d)**[2]** is not primarily a theft crime "because the statute 'is violated when someone *acquires or retains possession* of access card account information issued to another person (and with the intent to use it fraudulently).' " (*Romanowski*, at p. 912.)  In rejecting this argument, the Supreme Court noted that taking the information without the owner's consent was theft.  (*Ibid*.)  Even if the owner initially gave the access card information to the defendant, wrongful retention of that information would still be subject to section 490.2.

"Even when a defendant is voluntarily entrusted with someone else's access card information, any attempt to 'retain[] possession' of the information 'without the cardholder's or issuer's consent' and 'with the intent to use it fraudulently' (§ 484e, subd. (d)) would be a form of embezzlement, which is covered by section 484's definition of 'theft.'  (See §§ 503 ['Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted'], 484 ['Every person . . . who shall fraudulently appropriate property which has been entrusted to him or her . . . is guilty of theft']; see also *People v. Davis* (1998) 19 Cal.4th 301, 304 ['the formerly distinct offenses of larceny, embezzlement, and obtaining theft by false pretenses were consolidated in 1927 into the single crime of 'theft' defined by Penal Code section 484'].)  California's definition of 'theft' also includes theft by false pretenses, which 'unlike larceny has no requirement of asportation.'  (*People v. Williams* (2013) 57 Cal.4th 776, 787; see also § 484 ['Every person . . . who shall knowingly and designedly, by any false or fraudulent

---

**[2]**  Section 484e, subdivision (d) states in pertinent part:  "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

4

representation or pretense, defraud any other person of money, labor or real or personal property . . . is guilty of theft'].) So even if we assume that section 490.2 only reduces punishment for crimes that require the definition set out in section 484, theft of access card information falls within that definition." (*Romanowski, supra*, 2 Cal.5th at pp. 912-913.)

In *Gonzales*, the Supreme Court held that a second degree burglary conviction for entering a bank to cash a stolen check for less than $950 was subject to the crime of shoplifting created by Proposition 47, section 459.5.[3] (*Gonzales, supra*, 2 Cal.5th at p. 862.) The question in *Gonzales* was whether section 459.5 applied to theft by false pretenses or was limited to theft by larceny. (*Gonzales*, at p. 864.) The Supreme Court noted that cases consistently applied section 490a to the burglary statute, section 459, replacing section 459's use of the term "larceny" with the term "theft."[4] (*Gonzales*, at p. 867.) Although section 459.5 defined its crime as "shoplifting," section 490a applied to it as well. Section 459.5 referred to section 459 and used the term "larceny," indicating "the electorate intended 'larceny' to have the same meaning in both

---

[3] Section 459.5, subdivision (a) states: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170."

[4] Section 459 states in pertinent part, "Every person who enters . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."

provisions." (*Gonzales*, at p. 869.) There were no exceptions to section 490a's provision that any statutory reference to larceny, embezzlement, or stealing shall be interpreted as referring to the term "theft." (*Gonzales*, at p. 869.) Applying section 490a to section 459.5 was also "consistent with the electorate's stated reason for enacting Proposition 47. 'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.' [Citation.]" (*Gonzales*, at p. 870.)

Following *Gonzales* and *Romanowski*, it is clear that section 503 defines a form of theft that is covered by section 490.2. As the Supreme Court noted in *Romanowski*, section 503 and the theft statute, section 484, use identical language in defining the offenses. Any doubt that embezzlement is a form of theft is resolved by section 490a, as interpreted in *Gonzales*. While section 503 does not define a form of grand theft, it nonetheless defines a form of theft. Since section 490.2 applies to "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)" (§ 490.2, subd. (a)), it applies to section 503.

Since the record clearly shows defendant embezzled less than $950 from Walmart and he was not otherwise disqualified, his crime was eligible for section 1170.18 relief, and the trial court was required to "designate the felony offense . . . as a misdemeanor." (§ 1170.18, subd. (g).)

## DISPOSITION

The trial court's order is reversed.  The matter is remanded with directions for the trial court to enter an order designating defendant's embezzlement conviction as a misdemeanor.

                                           /s/

                                       Blease, Acting P. J.

We concur:

 /s/

Robie, J.

 /s/

Duarte, J.

7