Filed 11/17/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS RAY GOLLARDO,<br><br>    Defendant and Appellant. | A146961<br><br>(Sonoma County<br>  Super. Ct. No. SCR666882) |

This is an appeal from final judgment after defendant Thomas Ray Gollardo entered a no-contest plea to the felony offense of forging and issuing a prescription for a narcotic drug in violation of Health and Safety Code section 11368, and admitted two prior strike offenses pursuant to Penal Code sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c).[1]  Defendant challenges the judgment on the ground that the trial court erred by denying his petition to reclassify the charged felony offense as a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act of 2014.  For reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2015, an amended information was filed charging defendant with the felony offense of forging and issuing a prescription for a narcotic drug in violation of Health and Safety Code section 11368 (count one) and the misdemeanor offense of burglary in violation of section 459 (count two).  The amended information further alleged defendant had committed two prior strike offenses pursuant to sections

---

[1]      Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c) – a 2006 conviction for vandalism committed for the benefit of a criminal street gang (§ 594, subd. (a), § 186.22, subd. (b)), and a 2012 conviction for participation in a criminal street gang (§ 186.22, subd. (a)).  Finally, the amended information alleged defendant had served a prior prison term for the 2012 conviction within the meaning of section 667.5, subdivision (b).

These charges stemmed from the following events on June 4, 2015.  Defendant entered into a Walgreens store in Santa Rosa and presented the pharmacist with a prescription for a 16-ounce bottle of Phenergan Codeine cough syrup.  Suspecting the prescription was fraudulent based upon its appearance, the pharmacist recorded defendant's identifying information and contacted the police.

Police officers responding to the call located defendant in the rear passenger seat of a vehicle parked at the pharmacy drive-up window.  When confronted by the officers, defendant was cooperative and conceded the prescription was fraudulent.  Defendant explained he had obtained the prescription from some acquaintances.  He insisted that this was the first time that he had attempted to obtain codeine.

On November 3, 2015, defendant was interviewed by a probation officer. Defendant stated that, just before the June 4 incident, he had been drinking cough syrup and had taken three or four Xanax, causing him to "black[] out."  Defendant insisted he did not recall entering Walgreens or receiving the prescription from acquaintances, and did not "wak[e] up" until he was being booked by police after his arrest.  Defendant explained he had first ingested codeine and Xanax after being released from jail, and told the officer, "I'll take responsibility for it.  I just need help.  I need help for my addiction. I need to stay clean and sober, get back to my job."  Expressing the desire to "live a sober life," defendant stated that his priorities were to receive substance abuse treatment for his addiction and to move away from Sonoma County to be free of "negative influences." Consistent with these priorities, defendant was thereafter accepted to a six-month residential treatment program through the Treatment Alternative for Safer Communities

(TASC) program after "admitt[ing] to having a substance use disorder" and "express[ing] a desire for rehabilitation."

On September 14, 2015, following the preliminary hearing, defendant made a motion pursuant to section 1170.18, subdivision (f), seeking to have count one, felony forging and issuing a prescription for a narcotic drug, reduced to a misdemeanor in accordance with Proposition 47, the Safe Neighborhoods and Schools Act of 2014.[2] At the contested hearing on his motion, defense counsel argued that defendant, an individual who had attempted to obtain a single bottle of cough syrup for personal use, had assumed responsibility for his actions and obtained acceptance into a residential treatment program. Counsel further argued that, with respect to defendant's prior strikes, the first was a vandalism offense for gang-related graffiti that occurred when he was just 18 years old, and that second was a plea to a stand-alone gang charge, thus "distinguishable from other types of violent strike felonies."

On October 13, 2015, the trial court denied defendant's request for Proposition 47 relief, reasoning: "While many of [defense counsel's] comments make sense to this Court regarding the actual underlying facts of the case, meeting some of the misdemeanor criteria that the Court has here, the Court cannot avoid looking at the prior strikes and the prior prison commitments listed on the complaint." Defendant then entered a no-contest plea in open court to count one, the felony medical prescription forgery count, and admitted the two prior strike offenses (for vandalism committed for the benefit of a

---

[2]     Proposition 47 created a new provision, section 1170.18, which permits a defendant to petition for relief upon reclassification of certain felony offenses as misdemeanors. Subdivision (f) provides that "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) Further, where the section 1170.18 applicant has satisfied the criteria in subdivision (f), the trial court "shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

3

criminal street gang in 2006 and participation in a criminal street gang in 2012).  The remaining count and special allegation were then dismissed on the prosecution's motion.

On November 4, 2015, prior to sentencing, defendant filed a new motion under section 17, subdivision (b), to reclassify the count one felony as a misdemeanor, as well as a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, to strike the prior strike conviction allegations.  At the November 24, 2015 sentencing hearing, after argument from counsel,[3] the trial court, denied defendant's motions and sentenced him to state prison for a middle term of four years in accordance with probation's recommendation.  This timely appeal followed.

## DISCUSSION

Defendant first contends the trial court erred by denying his petition for relief under Proposition 47.  He reasons that "forgery of a narcotic prescription (Health & Safety Code § 11368) falls within the clear intent of the voters in enacting Proposition 47," and, as such, is an offense eligible for sentencing reduction under section 1170.18.  Second, defendant contends the trial court abused its discretion in denying his section 17, subdivision (b) motion to reduce the felony charge to a misdemeanor by failing to make an "individualized consideration" of relevant sentencing factors, including his character and attitude toward the present offense and the nature and circumstances of his offenses.[4]  We begin with the relevant legal framework.

---

[3]     Defense counsel reiterated that defendant admitted and wanted help for his drug addiction problem, and had been accepted into a six-month residential treatment program. Counsel also noted that defendant had a six year-old son, had substantial family and community support, and had his previous job available to him upon completion of the residential treatment program.

[4]     On November 17, 2016, after briefing in this case concluded, the trial court granted defendant's petition for writ of habeas corpus and deemed a properly submitted request for certificate of probable cause timely filed.  The court also indicated it would grant the certificate of probable cause.  Accordingly, defendant's additional argument on appeal that he received ineffective assistance from counsel based on counsel's failure to file a request for certificate of probable cause is now moot.

We review de novo questions of statutory or voter-initiative interpretation. (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1212 [rules of statutory interpretation apply to voter initiatives]; *Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1176.) The fundamental rule of such construction is that we must ascertain the intent of the lawmakers so as to effectuate the purpose of the law. (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "To determine the intent of legislation [or voter initiatives], we first consult the words themselves, giving them their usual and ordinary meaning. [Citations.]" (*DaFonte v. Up-Right, Inc*. (1992) 2 Cal.4th 593, 601.) "We do not, however, consider the statutory [or initiative] language in isolation; rather, we look to the entire substance of the statutes in order to determine their scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the [enactments'] nature and obvious purposes. [Citation.] We must harmonize the various parts of the enactments by considering them in the context of the [legal] framework as a whole. [Citation.] If the . . . language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the [enactment's] history. [Citation.]" (*People v. Cole* (2006) 38 Cal.4th 964, 975.)

Further, as the well-establish rules of appellate review instruct, we must indulge in every presumption to uphold the judgment and look to defendant to affirmatively show error. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549; *People v. Abarca* (2016) 2 Cal.App.5th 475, 483.)

**I. Is defendant's forgery offense eligible for reclassification under Proposition 47?**

Defendant contends his felony offense under Health and Safety Code section 11368 (hereinafter, section 11368) qualifies for purposes of Proposition 47 as "petty theft" (to wit, theft of one or more items not exceeding $950 in value) and, as such, is eligible to be reclassified by the court as a misdemeanor. We first look to the language of Proposition 47 and section 1170.18, a provision added upon its passage, to assess his contention.

"On November 4, 2014, the voters of California passed Proposition 47, reducing some felony theft- and forgery-related offenses to misdemeanors when the value of the stolen property does not exceed $950. (E.g., §§ 459.5, subd. (a) [redefining some theft as shoplifting], 490.2, subd. (a) [redefining some grand theft as petty theft], 473, subd. (b) [changing punishment for some forgery and counterfeiting offenses].) The initiative also created a resentencing procedure allowing offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions added by Proposition 47. (§ 1170.18, subd. (a).)" (*People v. Abarca, supra,* 2 Cal.App.5th at p. 479.) Thus, "[Proposition 47] 'reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes' and 'allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35 (Ballot Pamphlet).) . . . The purpose of this and other similar changes was 'to ensure that prison spending is focused on violent and serious offenses [and] to maximize alternatives for nonserious, nonviolent crime.' (Ballot Pamphlet, *supra*, text of Prop. 47, § 2, p. 70.)" (*In re J.C.* (2016) 246 Cal.App.4th 1462, 1469.) To this end, Proposition 47 "(1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 . . . , and (3) amended . . . sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4–14, pp. 70–74.)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

One of these new provisions, section 1170.18, provides a procedure by which a defendant may petition the trial court for certain relief from the felony classification of his or her offense. Specifically, section 1170.18, subdivision (a), authorizes a "person [currently] serving a sentence for a conviction . . . [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those

6

sections have been amended or added by this act." (§ 1170.18, subd. (a).) Subdivision (f), in turn, provides that "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) Further, where the section 1170.18 applicant has satisfied the criteria in subdivision (f), the trial court "shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

As a threshold issue, the People contend that defendant's motion is procedurally defective because he filed it prior to sentencing, placing him outside the scope of section 1170.18, which, as reflected in the statutory language set forth above, is essentially a *resentencing* statute. (See § 1170.18, subds. (a), (f).) As the record reflects, defendant moved pursuant to section 1170.18, subdivision (f), when asking the trial court to reclassify his felony offense of forging and issuing a narcotic prescription (§ 11368) as a misdemeanor, even though he was not "[a] person who has completed his or her sentence for a conviction . . . ." (§ 1170.18, subd. (f).)

On appeal, defendant acknowledges his mistake in referencing section 1170.18, subdivision (f) as the basis for his motion given that he had not yet been sentenced, yet insists his motion should be viewed more broadly as a request for relief under Proposition 47 from the legal repercussions of classifying his offense as a felony. However, putting aside the issue of whether defendant's motion was procedurally defective and assuming for the sake of argument he is entitled to petition for reclassification of his offense under Proposition 47, a more serious concern is whether his offense is one *eligible* for reclassification under Proposition 47.

According to defendant, obtaining a narcotic drug though use of a false pretense, i.e., use of a false prescription, constitutes petty theft so long as the narcotic drug's value does not exceed $950. (§ 490.2, subd. (a); see also § 484, subd. (a) ["Every person . . . who shall knowingly and designedly, by any false or fraudulent representation or

7

pretense, defraud any other person of money, labor or real or personal property, . . . is guilty of theft. In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test"]; *People v. Staver* (1953) 115 Cal.App.2d 711, 716 [" 'A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value' "].) Moreover, he reasons, "categorically excluding petty thefts charged under Health and Safety Code section 11368 contradicts Proposition 47's explicit purpose of reducing prison spending and maximizing alternatives for nonserious and nonviolent crime." In addition, he insists, the particular facts of his case – i.e., his voluntary admission and attempt to obtain treatment for drug addiction – illustrate why denying him Proposition 47 relief would be "an outcome inapposite to the stated purpose of the law." For the reasons that follow, we reject defendant's reading of the new Proposition 47 framework.

As an initial matter, we wholeheartedly agree with defendant that the electorate intended Proposition 47 to "reduce punishment for any theft of property worth less than $950 that could previously be charged as grand theft based on the type of property." (*People v. Romanowski* (2017) 2 Cal.5th 903, 910 [*Romanowski*].) At the same time, however, we disagree that his particular Health & Safety Code offense, medical prescription forgery to obtain a narcotic drug, was intended by lawmakers to fall within the initiative's broad scope.

As noted above, Proposition 47 "(1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 . . . , and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4–14, pp. 70–74.)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1091.) And section 1170.18, subdivision (a), expressly states that a defendant may petition the court for resentencing if (1) his felony conviction "would have been . . . a misdemeanor under the act that added this section," and (2) his resentencing is "*in accordance with … those sections hav[ing] been amended or added by this act*."

(§ 1170.18, subd. (a) [italics added].)  Yet neither Proposition 47 nor section 1170.18 mentions section 11368.  In particular, Proposition 47 did not amend or add to section 11368, and none of the statutes that were amended or added by Proposition 47 mention or refer to section 11368.  Defendant insists, nonetheless, that his section 11368 offense may be designated a misdemeanor by the trial court because, as a forgery offense that is essentially a "petty theft," his offense falls within the scope of Proposition 47 based upon the initiative's amendment of another statute – to wit, section 490.2.

Turning to section 490.2, the statutory text provides in relevant part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."  (§ 490.2, subd. (a).)  As our state Supreme Court recently clarified: "What section 490.2 indicates is that after the passage of Proposition 47, 'obtaining any property by theft' constitutes petty theft if the stolen property is worth less than $ 950. [footnote omitted.] Of course, section 487, subdivision (a), already made it grand theft to steal property worth over $ 950. But various other theft provisions carved out separate categories of grand theft based on the type of property stolen, with either a lower value threshold or no value threshold at all. These are the provisions that Proposition 47 modified by inserting a $ 950 threshold. Or as the Legislative Analyst put it: 'This measure would limit when theft of property of $ 950 or less can be charged as grand theft. Specifically, such crimes would no longer be charged as grand theft *solely because of the property involved … .*' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added (Voter Information Guide).)"[5]  (*Romanowski, supra,* 2 Cal.5th at p. 908.)  Thus, pointing

---

[5]  "Section 487 lists four types of grand theft. First, subdivision (a) makes it grand theft to steal any 'money, labor, or real or personal property … of a value exceeding nine hundred fifty dollars ($950).' Next, section 487, subdivision (b) sets a $250 threshold for theft of 'domestic fowls, avocados, olives, citrus or deciduous fruits, other fruits, vegetables, nuts, artichokes, or other farm crops' as well as of 'fish, shellfish, mollusks, crustaceans, kelp, algae, or other aquacultural products …  from a commercial or research

9

out that, prior to Proposition 47, several statutes defined categories of grand theft based on the type of property stolen, the California Supreme Court concluded that, with enactment of section 490.2, this property-type categorization was eliminated to make theft of any type of property valued less than $950 a misdemeanor. (*Ibid*.) The high court then concluded based on the record before it that, because section 484e, subdivision (e) defined access card theft as grand theft, it was among those statutes defining grand theft for which Proposition 47 reduced punishment. (*Romanowski*, at p. 908; accord *People v. Gonzalez* (2017) 2 Cal.5th 858, 870 [concluding that entering a bank to cash a stolen check for less than $ 950 constitutes shoplifting, not burglary, and thus qualifies for reduced punishment under Proposition 47].)

Thus, section 1170.18, subdivision (a) delineates specific felony offenses eligible for reclassification as misdemeanors for sentencing purposes pursuant to Proposition 47. In particular, under the plain language of this provision, resentencing is available for defendants convicted under certain code sections that have been "amended or added" by Proposition 47. (§ 1170.18, subd. (a).) Section 11368, the code section under which defendant was convicted, is not one of the particular code provisions covered by section 1170.18, subdivision (a).

Defendant nonetheless asks that we read section 1170.18, subdivision (a) to include within its scope his section 11368 offense, even though it is not one of the amended or added statutes. We decline to do so: "The expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852.) And applying this well-established principle of statutory construction to our situation, the expression of a specific series of criminal offenses eligible for resentencing under section 1170.18, subdivision (a), we conclude, necessarily

---

operation which is producing that product.' After that, section 487, subdivision (c) makes it grand theft to steal property 'from the person of another,' and section 487, subdivision (d) makes it grand theft to steal either an 'automobile' or a 'firearm.' In sum, section 487 makes it grand theft to steal more than $950 worth of anything; more than $250 worth of the crops or critters listed in subdivision (b); anything at all from the victim's person; or any cars or guns." (*Romanowski, supra*, 2 Cal.5th at p. 907.)

10

excludes from eligibility defendant's section 11368 offense, which was not one of the statutes expressly referenced therein. (Cf. *People v. Warmington* (2017) 16 Cal.App.5th 333, 335-336 [trial court erred in finding defendant not eligible under § 1170.18 to have his felony conviction for embezzlement (§ 503) redesignated as a misdemeanor in light of § 490a, which provides, "[w]herever any law or statute . . . refers to or mentions *larceny, embezzlement, or stealing*, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor"] (italics added).)

Also relevant to our analysis is section 473, a Penal Code provision criminalizing different forms of forgery than that admitted by defendant. Section 473 is among the criminal statutes amended by Proposition 47.[6] Yet, while section 473 lessens punishment for certain forms of forgery, there is no mention of defendant's crime of medical prescription forgery, which offense is covered exclusively in section 11368 of the Health and Safety Code. This omission, our colleagues in Division One of this Appellate District recently decided, reflects the intent of the electorate *not to include* all types of forgery under Proposition 47's ameliorative scope:

"Section 473, which prescribes the punishment for forgery, was one of the statutes amended by Proposition 47. [Citation.] Subdivision (a) of section 473 now provides: 'Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of Section 1170.' Subdivision (b) of section 473 now provides, in pertinent part: 'Notwithstanding subdivision (a), any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year

---

6       Section 473 provides in relevant part that "any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year." (§ 473, subd. (b).)

11

. . . .' [¶¶] . . . Although the plain language of the statute is clear, we note that defendant is incorrect when he asserts that the intent of the electorate was to include all types of forgeries. The 'Official Title and Summary' of Proposition 47 printed in the ballot materials included the following statement:  'Requires misdemeanor sentence instead of felony for the following crimes when amount involved is $950 or less: petty theft, receiving stolen property, *and forging/writing bad checks*.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) official title and summary of Prop. 47, p. 34, italics added (hereafter Guide).)  The Legislative Analyst's analysis of Proposition 47, also printed in the ballot materials, specified the crimes for which penalties would be reduced; it specifically listed 'Writing Bad Checks' and 'Check Forgery.' (Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.)  Nothing in the ballot materials indicated that, by passing Proposition 47, penalties would be reduced for all means of committing forgery listed in section 470, subdivision (d)." (*People v. Martinez* (2017) 5 Cal.App.5th 234, 242-243.  See also § 7.5 ["Whenever any offense is described in this code . . . as criminal conduct and as a violation of a specified code section or a particular provision of a code section, *in the case of any ambiguity or conflict in interpretation*, the code section or particular provision of the code section shall take precedence over the descriptive language.  The descriptive language shall be deemed as being offered only for ease of reference unless it is otherwise clearly apparent from the context that the descriptive language is intended to narrow the application of the referenced code section or particular provision of the code section"].)

We find our colleagues' analysis and, more importantly, their ultimate conclusion that the electorate did not intend to reduce punishment for all types of forgery, persuasive.  As such, we conclude section 473 – the statute amended by Proposition 47 that, unlike section 490.2, specifically covers forgery offenses – provides a separate basis for rejecting defendant's argument that his section 11368 offense is one eligible for resentencing under Proposition 47. (*People v. Jones* (2009) 47 Cal.4th 566, 581 [" 'Under well-established principles of statutory interpretation, the more specific provision [citation] takes precedence over the more general one' "].)  Quite simply, had the drafters

12

intended medical prescription forgery to come within Proposition 47's reach, they easily could have stated as much in the text. In the absence of any such express indication, we decline to imply it. (*People v. Guzman* (2005) 35 Cal.4th 577, 587 [" 'insert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provision to statutes' "]; accord *People v. Martinez, supra,* 5 Cal.App.5th at pp. 242-243.)

We hasten to add that several public policy concerns support our conclusion that defendant's crime is not eligible for reduction under our interpretation of Proposition 47. As other courts have recognized, an offense under section 11368 is not simple theft or forgery. Rather, it involves, as in defendant's case, "forg[ing] or alter[ing] a prescription or . . . obtain[ing] any narcotic drug by any forged, fictitious, or altered prescription," an offense "punish[able] by imprisonment in the county jail for not less than six months nor more than one year, or in the state prison." (§ 11368.)[7] We are aware of no legal authority, and defendant directs us to none, where a court conflates forgery and theft,

_____

[7]     As the statutory text makes clear section 11368 only applies to forging or altering a prescription for a " 'Narcotic drug' means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
  (a) Opium and opiate, and any salt, compound, derivative, or preparation of opium or opiate.
  (b) Any salt, compound, isomer, or derivative, whether natural or synthetic, of the substances referred to in subdivision (a), but not including the isoquinoline alkaloids of opium.
  (c) Opium poppy and poppy straw.
  (d) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, but not including decocainized coca leaves or extractions of coca leaves which do not contain cocaine or ecgonine.
  (e) Cocaine, whether natural or synthetic, or any salt, isomer, derivative, or preparation thereof.
  (f) Ecgonine, whether natural or synthetic, or any salt, isomer, derivative, or preparation thereof.
  (g) Acetylfentanyl, the thiophene analog thereof, derivatives of either, and any salt, compound, isomer, or preparation of acetylfentanyl or the thiophene analog thereof." (Health & Saf Code § 11019.)

much less forgery of a medical prescription and theft. (Compare *People v. Wheeler* (2005) 127 Cal.App.4th 873, 878-879 ["the ordinary meaning given to 'forgery' in California is related to the making or use of a counterfeit or fake document"]. Compare *People v. Gonzalez, supra,* 2 Cal.5th at p. 869 ["Section 490a provides: 'Wherever *any* law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor.'. . . Section 490a contains no exceptions. Nor does any part of the ballot language accompanying the initiative indicate a desire to modify the express and inclusive language of section 490a"].) Nor should medical prescription forgery and theft be conflated. "Prescriptions are the means by which physicians and other authorized practitioners achieve legitimate medical purposes. (*People v. Wheeler* (2005) 127 Cal.App.4th 873, 880 [26 Cal.Rptr.3d 138].) 'The protection of the health and safety of the public in obtaining medical prescriptions is critical. [Citations.] Physicians, pharmacists, and patients must be able to rely on the integrity of the system. [Laws against prescription forgery are] aimed at helping preserve that integrity by prohibiting counterfeiting of a physician's authority to prescribe, deceiving of the pharmacist, corrupting the public's legitimate supply of medicine, and, potentially, defrauding of insurance companies or government programs. Far more is implicated than just an offender's personal involvement with drugs.' (*Ibid.*)." (*People v. Brown* (2017) 7 Cal.App.5th 1214, 1218.)

As this discussion reflects, section 11368 was enacted to criminalize not just simple theft or drug possession, but conduct undermining the very integrity and trustworthiness of our medical system. "Although a person could use a forged prescription, as defendant apparently did, as a method for trying to obtain narcotics for personal use, as we pointed out before, the offense is not so limited. In addition, even when the drugs are for personal use, section 11368 is directed at a greater evil than possession and personal use of the obtained drugs. It is primarily directed at forgery of the indicia of a powerful authority solely reserved to statutorily defined 'practitioners.' (Health & Saf. Code, §§ 11026, 11153; *People v. Gandotra* (1992) 11 Cal.App.4th 1355,

14

1361-1362.)" (*People v. Wheeler, supra,* 127 Cal.App.4th at p. 880; see also Bus & Prof. Code, § 4001.1 ["Protection of the public shall be the highest priority for the California State Board of Pharmacy in exercising its licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount"].)

Thus, given the unique policy concerns underlying statutes, like section 11368, aimed at ensuring the integrity of medical prescriptions and, more fundamentally, protecting public health and safety, we refuse to assume in the absence of any clear indication that section 11368 comes within Proposition 47's reach. Rather, the more prudent course of action – and the action more consistent with established rules of statutory and voter-initiative construction – is to assume the drafters purposefully omitted section 11368 in order to better serve and protect California citizens.[8] Accordingly, for all the reasons identified, we reject defendant's request for Proposition 47 relief.

## II. Did the trial court abuse its discretion in denying defendant's section 17, subdivision (b) motion?

One issue remains for our review. Just before sentencing, defendant filed a motion pursuant to section 17, subdivision (b), asking the trial court to exercise its discretion to treat his section 11368 offense as a misdemeanor for purposes of sentencing.

---

[8]     After briefing concluded in this matter, our appellate colleagues in Division One likewise declined to include section 11368 within Proposition 47's broad scope, albeit for different reasons. Rejecting the defendant's argument that his section 11368 offense constituted "shoplifting," a misdemeanor offense under Proposition 47, our colleagues reasoned: "The record indicates defendant entered the pharmacy with the intent to commit a violation of . . . section 11368, which punishes persons who forge or alter a prescription. The intent to commit a felony violation of . . . section 11368 supports a conviction for burglary under Penal Code section 459, as the statute requires a showing of an intent to commit 'any felony.' However, shoplifting as defined in section 459.5 is limited to persons with the 'intent to commit larceny.' (§ 459.5, subd. (a).) A violation of . . . section 11368 does not constitute larceny. Especially in cases such as this, where the defendant intends to pay for the medications at issue. Accordingly, defendant's burglary conviction is not eligible for resentencing . . . ." (*People v. Brown, supra,* 7 Cal.App.5th at p. 1218.)

15

Undisputedly, forging and issuing a prescription in violation of section 11368 is a "wobbler" offense, meaning the offense is punishable in the court's discretion as either a felony or a misdemeanor. (*People v. Coffey* (2005) 129 Cal.App.4th 809, 812, fn. 2; see also § 17, subd. (b) [the court may declare a wobbler a misdemeanor when the prosecutor designates the crime as such in a charging document].) Here, the court exercised its discretion to deny defendant's motion after considering the parties' filings and arguments and noting, among other things, defendant's extensive gang-related criminal history and poor performance on probation and parole.

Defendant contends the trial court's ruling was an abuse of discretion. (See *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978 [section 17(b) rulings reviewed for abuse of discretion] [*Alvarez*].) He argues that the trial court failed to make a reasoned consideration of the sentencing factors relevant to his particular case. Rather, defendant claims, the court "was guided entirely by [his] past criminal history," without regard for the following significant facts: "(1) that the nature of [his] current offense, theft conduct stemming from a recently-developed addiction to prescription drugs, was wholly dissimilar from his prior strike convictions; (2) that [he] was cooperative, took responsibility for his actions, and showed remorse from the time of arrest until the time of sentencing; and (3) that [he] not only expressed a desire for rehabilitation, but also applied for and secured admission to a residential drug treatment program."

As defendant notes, the California Supreme Court has stated that "the court's exercise of discretion under section 17(b) contemplates the imposition of misdemeanor punishment for a wobbler 'in those cases in which rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon.' " (*People v. Park* (2013) 56 Cal.4th 782, 790. See also *In re Anderson* (1968) 69 Cal.2d 613, 664-665 [the purpose of section 17 is "to impose a misdemeanor sentence in those cases in which rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in state prison as a felon"].) "[S]ince all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the

16

offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' " (*Alvarez, supra*, 14 Cal.4th at p. 978.) As such, "even under the broad authority conferred by section 17(b), a determination made outside the perimeters drawn by individualized consideration of the offense, the offender, and the public interest 'exceeds the bounds of reason.' " (*Alvarez, supra*, 14 Cal.4th at p. 978.)

Our review of the record at hand confirms the trial court acted within the scope of its discretion under section 17, subdivision (b) when denying defendant's request to deem his wobbler offense a misdemeanor. In particular, the trial court based its decision on the following, relevant considerations that are firmly grounded in the record. First, the court referred to information in the presentence report regarding defendant's history of gang involvement, his criminality, including his multiple strike offenses, and his relatively recent failures on both probation or parole. In particular, the court noted defendant had been placed back on parole on June 14, 2015, a date "very close" to the date of the current offense (June 14, 2015). Thus, while defendant insists the court ignored key factors such as the non-violent nature of his offenses and his cooperativeness and willingness to take affirmative steps to address the addiction issue that led to his current offense, we decline to assume on this record that the court wholly disregarded these by-all-means relevant circumstances. It is well established " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.] Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." [Citations.]' " (See *Alvarez, supra*, 14 Cal.4th at pp. 977-978.) Defendant's reliance on the trial court's silence does not meet his affirmative burden to prove error on appeal, particularly where the court stated on the record that it had considered the parties' filings and arguments in reaching its decision.

17

The trial court's denial of defendant's section 17, subdivision (b) motion, thus, stands.

## DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.

I concur:

_____
Siggins, J.

*People v. Thomas Ray Gollardo*, A146961

18

POLLAK, J., Dissenting

I respectfully dissent. The majority's conclusion, in my opinion, is inconsistent both with the language and the purpose of the measures enacted in Proposition 47.

Defendant argues, correctly I believe, that obtaining a narcotic drug though use of a false pretense, that is, use of an altered prescription, constitutes petty theft so long as the narcotic drug's value does not exceed $950. Penal Code[1] section 490.2, subdivision (a), part of Proposition 47, provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, *obtaining any property by theft* where the value of the . . . personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor" subject to inapplicable exceptions. (Italics added.) Theft, in turn is defined in section 484, subdivision (a) to include "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[ing] any other person of money, labor or real or personal property." (See also *People v. Staver* (1953) 115 Cal.App.2d 711, 716 [" 'A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value.' "].) As our Supreme Court stated in *People v. Romanowski* (2017) 2 Cal.5th 903, 908, "What section 490.2 indicates is that after the passage of Proposition 47, 'obtaining any property by theft' constitutes petty theft if the stolen property is worth less than $950."

It is true, as the Attorney General argues, that section 1170.18 does not include Health and Safety Code section 11368 as one of the sections in accordance with which a defendant is to be resentenced. Passing over the inconsistency with the Attorney General's initial argument that section 1170.18 does not apply, the argument misconstrues the text of that section. Section 1170.18 applies to those convicted of a felony who would have been guilty of a misdemeanor under the act had it been in effect at the time of the offense. Defendant was convicted of the felony violation of Health and Safety Code section 11368, but would have been guilty of violating section 490.2 had

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

that section been in effect at the time of the offense. While section 1170.18 does not provide for resentencing in accordance with Health and Safety Code section 11368, it does provide for resentencing in accordance with section 490.2.

Were one to argue that section 490.2 does not apply because defendant did not in fact obtain the drugs he sought to obtain using an altered prescription, his offense would nonetheless constitute shoplifting under section 459.5, subdivision (a), also added by Proposition 47. This section defines shoplifting as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed" $950. As the Supreme Court emphasized in *People v. Gonzales* (2017) 2 Cal.5th 858, 869, "Section 490a provides: 'Wherever *any* law or statute of this state refers to or mentions larceny, . . . said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.' " Subdivision (b) of section 459.5 provides that "Any act of shoplifting as defined in subdivision (a) *shall* be charged as shoplifting." (Italics added.) "A defendant must be charged only with shoplifting when the statute applies." (2 Cal.5th at p. 876.) Section 1170.18 also specifies section 459.5 as one of the provisions in accordance with which resentencing should be granted.

It is also true that section 473, subdivision (b), as amended by Proposition 47, reduces certain forms of forgery to a misdemeanor and does not include forgery of a drug prescription.[2] However, section 473 is included in chapter 4 of title 13 of the Penal Code, dealing with the offense of forgery as defined in section 470. Section 470 defines the offense to include forgery of numerous instruments in addition to those mentioned in section 473 but alteration of a drug prescription is not included as "forgery" under that definition. Subdivision (a) of section 473 makes the offense of forgery as defined in

---

[2]     Section 473, subdivision (b) provides in relevant part that "any person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year."

section 470 a "wobbler," punishable as a felony or a misdemeanor. Subdivision (b) begins, "Notwithstanding subdivision (a)," and provides that certain of the offenses defined in section 470 may be punished only as a misdemeanor. The fact that Health and Safety Code section 11368 is not mentioned in section 473, subdivision (b) does not reflect an intention to exclude it from offenses to which a reduced penalty applies, because violation of section 11368 is not "forgery" as defined in section 470. Nothing in section 473 supports the inference that section 11368 was not intended to be included in offenses reduced to a misdemeanor by sections 490.2 and 459.5 if the offense involved drugs worth no more than $950.

Far more compelling is defendant's argument that "categorically excluding petty thefts charged under Health and Safety Code section 11368 contradicts Proposition 47's explicit purpose of reducing prison spending and maximizing alternatives for nonserious and nonviolent crime." [3] The electorate intended Proposition 47 to "reduce punishment for any theft of property worth less than $950 that could previously be charged as grand theft based on the type of property." (*People v. Romanowski, supra*, 2 Cal.5th at p. 910.) As the court pointed out in *People v. Gonzales, supra,* 2 Cal.5th at page 870, " 'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.' [Citations.] The Act also expressly states an intent to '[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes.' " As the court there stated with respect to the contention that larceny should be treated differently from other forms of theft, "[t]here is no indication that the electorate somehow viewed . . . differently" obtaining a small

---

[3] In addition, defendant continues, the particular facts of his case—i.e., his voluntary admission and attempt to obtain treatment for drug addiction—illustrate why denying him Proposition 47 relief would be "an outcome inapposite to the stated purpose of the law."

amount of drugs by the use of an altered prescription from doing so by other means of petty theft or shoplifting. (*Ibid*.)

There are, to be sure, important public policy reasons underlying the prohibition in Health and Safety Code section 11368 against altering a prescription for narcotic drugs. But as in the case of the broad public interest in consumer protection considered in *People v. Romanowski, supra,* 2 Cal.5th at pages 913-914, there is "no reason to infer (against § 490.2's plain meaning) that voters implicitly intended to exempt [this offense] simply because this criminal prohibition serves to protect consumers. Where the electorate excluded whole categories of crimes based on the underlying purpose of the crimes, these limits were explicit." (See, e.g., Voter Information Guide, [Gen. Elec. (Nov. 4, 2014)] Prop. 47, § 3, p. 70 ['people convicted of murder, rape, and child molestation will not benefit from this act'].) Nothing in Proposition 47 suggests that voters implicitly intended for the initiative's scope to hinge on inferences about the objectives of the crimes at issue. The electorate weighed the costs and benefits of Proposition 47. On the question of whether consumer protection offenses are exempt from the initiative's provisions, the language approved by the public conveys an unambiguous, negative answer."

Defendant's offense surely is a nonserious and nonviolent offense precisely of the type for which the electorate in Proposition 47 intended to preclude felony prison sentences. Had defendant walked behind the counter and grabbed the drugs which he attempted to obtain with an altered prescription, his offense unquestionably would be a misdemeanor under the changes enacted by Proposition 47. The offense he did commit is no more serious—and probably less serious since it gave rise to no threat of violence. I respectfully dissent from the refusal to recognize defendant's petty offense as within both the letter and spirit of this ameliorative proposition.

_____
Pollak, Acting P.J.

4

Trial Court:                          Superior Court of Sonoma County


Trial Judge:                          Hon. Jamie E. Thistlethwaite, Judge


Counsel for Appellant:                Jonathan Soglin, Executive Director,
                                         First District Appellate Project
                                      Grace M. Shigetani, Staff Attorney,
                                         First District Appellate Project


Counsel for Respondent:               Kamala D. Harris,
                                         Attorney General Of California
                                      Gerald A. Engler,
                                         Chief Assistant Attorney General
                                      Jeffrey M. Laurence,
                                         Senior Assistant Attorney General
                                      Eric D. Share
                                         Supervising Deputy Attorney General
                                      Huy T. Luong
                                         Deputy Attorney General
                                      Amit A. Kurlekar


*People v. Thomas Ray Gollardo*, A146961